# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA SMITH, M.D., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-CV-691-TCK-FHM |
| AHS OKLAHOMA HEART, LLC d/b/a/ OKLAHOMA HEART INSTITUTE, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Defendant's Motion to Compel Arbitration and Stay Proceedings, [Dkt. 13], has been referred to the undersigned United States Magistrate Judge. The undersigned is proceeding by Report and Recommendation.[1] Plaintiff has filed a Response, [Dkt. 16], and Defendant has filed a Reply, [Dkt. 18].

## Background

Plaintiff was employed by Defendant pursuant to a written employment agreement. Defendant terminated Plaintiff's employment and Plaintiff has sued Defendant for breach of contract, pay discrimination, and sex discrimination. Defendant seeks to stay the litigation and compel arbitration pursuant to the written employment agreement.

The employment agreement provides that either party "may submit" any dispute "in connection with" Plaintiff's rights and obligations under the agreement to arbitration. [Dkt.

---

[1] Courts are divided on whether motions to compel arbitration are dispositive motions for purposes of the exercise of a United States Magistrate Judge's authority under 28 U.S. C. § 636(b)(1). *See Vernon v. Quest Communications,* —Fed.Supp.2d — (D.Colo. 2012), 2012 WL 768125, * 2-3 (citing cases). The Tenth Circuit has not resolved the issue. In this district, the Magistrate Judge issues a report and recommendation for the disposition of the motion. *See, Coxcom, Inc. v. Egghead Telecom, Inc.*, 2009 WL 4016629 at *1 (N.D. Okla.).

13-2, p. 19].[2] Defendant asserts that the arbitration provision is mandatory if either party invokes it. Plaintiff contends that the arbitration provision is not mandatory but simply provides arbitration as an option if both parties agree. Plaintiff further contends that her pay discrimination and sex discrimination claims are not within the scope of the arbitration agreement and, also, that through failure to follow the agreement's conflict resolution procedure and delay Defendant has waived its right to seek arbitration.

## Whether Arbitration is Mandatory if One Party Submits the Matter to Arbitration

Section 6.20(b) of the parties' agreement provides that either party "may submit the matter to arbitration." [Dkt. 13-2, p. 19]. According to Plaintiff, use of the permissive term "may" rather than the command "shall" means that arbitration will occur only if both parties agree. Informed by the overwhelming authority of case law, the undersigned finds that the plain meaning of the arbitration provision is that, although neither party is required to exercise the option, both parties have the independent option to submit a dispute in

---

[2] The text of the relevant provision follows:
> 6.20 Conflict Resolution.
> (a) Physician expressly agrees to attempt in good faith to settle any disputes with the Group in connection with his rights and obligations under this Agreement in the event of a material breach of this Agreement by Physician or the Group. Physician and the Group shall, prior to resorting to litigation or other legal recourse (except that either of them may file but not prosecute a complaint to preserve the statute of limitations or an injunction), work with and through the POC to resolve any disputes between them in connection with their rights and obligations under this Agreement in the event of a material breach of this Agreement by Physician or the Group. If any such dispute cannot be resolved by the POC to the satisfaction of Physician and the Group within thirty (30) days of the first meeting to address the dispute, then either Physician or the Group may request in writing that the parties submit the dispute to arbitration as set forth below.
>
> (b) In the event the POC is unable to resolve the dispute between Physician and the Group, Physician or the Group may submit the matter to arbitration.
> . . .

[Dkt. 13-2, p. 19].

connection with the agreement to arbitration. To give effect to the option contained in this provision, if one party elects to proceed to arbitrate the dispute, then the other party must also submit to arbitration. Plaintiff's argument that both parties must agree to arbitration is rejected because it is contrary to the words used in the agreement and also because it would have the effect of rendering the arbitration provision meaningless.

The overwhelming weight of authority in cases where courts have addressed similarly worded provisions is that arbitration is mandatory when invoked by either party. This principle is demonstrated in *In re Winstar Communications, Inc.*, 335 B.R. 556, 563 (Bkcy. Del. 2005). In that case the same arguments were presented against arbitration as have been made by Plaintiff in this case and were dealt with, as follows:

> The Trustee argues, however, that by using the term "may," instead of terms such as "shall" or "must," the provision cannot be interpreted as mandating arbitration. This argument was specifically dismissed by the Southern District of New York, which determined:
>
>> Instead, the proper interpretation is that the arbitration provision did not have to be invoked, but once raised by one party, it became mandatory with respect to the other party. A plain reading of the clause supports such an interpretation. If the clause were wholly optional, as defendants contend, it would serve no purpose. Parties can always submit disputes to arbitration if they both agree to do so, therefore, there would be no reason to include such a provision. It follows that the word 'may' was used to mandate arbitration at the insistence of any one party to the agreement, but to indicate that arbitration was not mandatory absent the invocation of the provision by one of the parties.
>
> *Chiarella v. Vetta Sports, Inc.,* 1994 WL 557114, *3 (S.D.N.Y. 1994); see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 204 n.1, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) ("The use of

3

the permissive 'may' is not sufficient to overcome the presumption that parties are not free to avoid the contract's arbitration procedures."); *United Steelworkers of America, AFL-CIO v. Fort Pitt Steel Casting, Division of Conval-Penn, Inc., Division of Conval Corp.,* 598 F.2d 1273, 1279 n. 18 (3d Cir. 1979) (holding that the district court did not commit plain error by finding that "grievance procedures are mandatory despite language in the collective bargaining agreement that the parties 'may' invoke those procedures.") (citations omitted). By using the word "may," both parties were given the power to enforce the arbitration clause. *Deaton Truck Line, Inc. v. Local Union 612, Affiliated with Intern, Broth. Of Teamsters, Chauffeurs, Warehousemen and Helpers of America,* 314 F.2d 418, 422 (5th Cir.1962) ("Clearly, however, 'may' should be construed to give either aggrieved party the option to require arbitration."). The word "may," therefore, cannot reasonably imply that either party had the option to avoid arbitration once that clause had been triggered, *Block 175 Corp, v. Fairmont Hotel Management Co.,* 648 F.Supp. 450, 452 (D.Colo.1986) ("Plaintiff contends the presence of the word 'may' in the arbitration clause renders arbitration permissive and not mandatory. A common sense reading of the clause belies this contention. When either party elects to arbitrate and serves the proper notice, as was done here, then arbitration must ensue.").

Plaintiff cited *Lowry Assumption, LLC., v. American International Specialty Lines Insurance Company*, 2011 WL 1321952 (D.Colo.) as supporting her position. In that case the Court concluded that a provision similar to the one in this case was ambiguous and therefore additional proof of the mandatory nature of the arbitration provision was required. The *Lowry* case does not persuade the undersigned that the arbitration provision in this case is not mandatory once invoked by either party.

The undersigned is not persuaded by Plaintiff's argument that the agreement is ambiguous because it provides for an award of attorney fees in the event of litigation. That provision addresses the situation where neither party desires to submit the dispute to

4

arbitration. In that instance the dispute would be litigated in court and the attorney fees provision would apply. The undersigned finds there is no ambiguity or conflict between the litigation attorney fee provision and the arbitration provision.

**Whether Plaintiff's Sex Discrimination and Pay Discrimination
Claims are Within the Scope of the Arbitration Provision**

The arbitration provision applies to "any disputes . . . in connection with [Plaintiff's] rights and obligations under this agreement". [Dkt. 13-2, p. 19]. Use of the "in connection with" language makes the arbitration provision a broad one and raises a presumption that Plaintiff's sex discrimination and pay discrimination claims are subject to arbitration. *See Brown v. Coleman Co.,Inc.,* 220 F.3d 1180, 1184 (10th Cir. 2000)(defamation claim fell within arbitration clause where all disputes "in connection with" agreement were subject to arbitration); *James v. Bobrick Washroom Equipment, Inc.,* 2010 WL 368727 *2 (E.D. Okla.)(age discrimination claims fell within broad scope of arbitration clause covering issues in connection with employment agreement).

The undersigned rejects Plaintiff's contention that the scope of the arbitration provision is narrow and is limited to an "event of a material breach." The agreement broadly states that it covers "any dispute . . . in connection with [Plaintiff's] rights and obligations under the agreement." The use of such broad language does not admit of Plaintiff's narrow interpretation that the only situation included is Plaintiff's right to terminate the agreement if Defendant is in material breach.

The agreement addresses Plaintiff's employment with Defendant. Plaintiff's sex discrimination and pay discrimination claims are factually and logically connected to

5

Plaintiff's employment with Defendant. The undersigned finds, therefore, that those claims fall within the scope of the arbitration provision.

Plaintiff argues that the inclusion of a provision within the arbitration clause which mandates an award of attorney fees to the prevailing party demonstrates a lack of intent to arbitrate her sex discrimination and pay discrimination claims. According to Plaintiff, an award of attorney fees to a prevailing party is "antithetical" to the statutes under which her sex discrimination and pay discrimination claims arise because those statutes do not automatically award attorney fees to a prevailing defendant. [Dkt. 16, p. 10]. Plaintiff argues that the parties' agreement to award attorney fees to a prevailing party is "adverse to" and conflicts with" a finding that sex discrimination or pay discrimination claims fall within the arbitration provision. *Id*. Again, the agreement provides for arbitration of "any dispute . . . in connection with" Plaintiff's rights and obligations under the agreement. The undersigned finds that the parties' agreement that the prevailing party will receive an attorney fee award in an arbitration of a dispute arising under those statutes does not "conflict[] with, nor is it "antithetical" or "averse to" either the discrimination statutes or an intent to arbitrate.

**Whether Defendant Waived Its Right to
<u>Enforce the Arbitration Agreement</u>**

Plaintiff contends that Defendant waived any right it may have to require Plaintiff to submit to arbitration by failing to follow the conflict resolution procedure in the agreement and by failing to timely assert its demand for arbitration. The undersigned finds that Defendant both timely made an offer to participate in the conflict resolution procedure provided for in the agreement and asserted its right to demand arbitration.

6

Plaintiff's employment was terminated on February 8, 2011. On March 9, 2011, Plaintiff's attorney wrote to Defendant about the dispute and referenced the conflict resolution procedure. Defendant claims, and Plaintiff does not dispute, that following receipt of the letter Defendant's attorney promptly called Plaintiff's attorney and offered to use the conflict resolution procedure or try to resolve the matter between counsel. Plaintiff did not insist on initiating the conflict resolution procedure. Plaintiff filed suit in state court but did not promptly serve Defendant. However, in less than a month from the date of service, Defendant removed the case to this court and filed an Answer asserting its right to arbitration. Plaintiff has not carried her burden to prove that Defendant waived its right to require arbitration under the agreement. *Hill v. Ricoh Americas Corp.,* 603 F.3d 766, 775 (10th Cir, 2010). (party asserting a waiver of arbitration has burden of persuasion).

## **CONCLUSION**

The undersigned RECOMMENDS that Defendant's Motion to Compel Arbitration and Stay Proceedings [Dkt. 13] be GRANTED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before June 20, 2012.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended

> disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 6th day of June, 2012.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

8