### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA SMITH, M.D, <br><br> Plaintiff, <br><br> vs. <br><br> AHS OKLAHOMA HEART, LLC d/b/a OKLAHOMA HEART INSTITUTE <br><br> Defendants. | Case No.11-CV-691-TCK-FHM |

### **OPINION AND ORDER**

The Motions to Quash Subpoenas Duces Tecum filed by Non-Parties Hillcrest Medical Center (HMC), SouthCrest Hospital (SouthCrest), and Bailey Medical Center (Bailey), [Dkt. 25, 26], have been referred to the undersigned United States Magistrate Judge for decision.

The non-parties seek to quash subpoenas primarily on the basis of the Oklahoma Peer Review Privilege found in 63 Okla. Stat. §1-1709.1. Alternatively, the non-parties ask the court to find a federal self-critical analysis privilege under Fed.R.Evid. 501. Finally, the non-parties question the relevancy of the subpoenaed documents.

Fed.R.Evid. 501 provides:

> The common law – as interpreted by United States courts in the light of reason and experience – governs a claim of privilege unless any of the following provides otherwise:
>
> – the United States Constitution;
> – a federal statute; or
> – rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

In this case Oklahoma state law does not supply the rule of decision for any claim or defense. The Oklahoma peer review privilege embodied in 63 Okla. Stat. §1-1709.1 is therefore inapplicable to this case.

The clear weight of authority has rejected the recognition of a federal peer review or self critical analysis privilege under Fed.R.Evid. 501 in this context. *See Adkins v. Christie*, 488 F.3d 1324, 1330 (11th Cir. 2007); *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005); *Virmani v. Novant Health, Inc.*, 259 F.3d 284, 293 (4th Cir. 2001); *Memorial Hosp. for McHenry County v. Shadur*, 664 F.2d 1058 (7th Cir. 1981); *Williams v. University Medical Center of Southern Nevada*, 760 F.Supp.2d 1026 (D. Nev. 2010); *Jenkins v. DeKalb County, Georgia*, 242 F.R.D. 652 (N.D. Ga. 2007); *Cohlmia v. Ardent Health Services, LLC.*, 448 F.Supp.2d 1253 (N.D. Okla. 2006); *In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc.*, 400 F.Supp.2d 386 (D. Mass. 2005); *Weiss ex rel. Estate of Weiss v. County of Chester*, 231 F.R.D. 202 (E.D. Pa. 2005); *Nilavar v. Mercy Health System-Western Ohio*, 210 F.R.D. 597 (S.D. Ohio 2002); *but see Weekoty v. U.S.*, 30 F.Supp.2d 1343 (D. N.M. 1998). Therefore, the non-parties have failed to establish that any privilege supports quashing the subpoenas.

The question of whether the documents sought are relevant is not well developed in the briefs. Plaintiff relies on the relevancy determination by the arbitrator, while the non-parties make general arguments and point to the fact that they are not parties to the case and are not accused of discriminatory conduct. Additionally, it appears that through the meet and confer process some responsive information has been provided. The court is thus left without a clear understanding about what documents remain in dispute or how,

specifically, Plaintiff maintains the documents are relevant to the arbitration.[1] In addition, the court is not willing to completely defer to the relevancy determination of the arbitrator for the following reasons: the documents are sought from non-parties; the question of relevancy involves a balancing process; and it is not clear whether the arbitrator considered the non-parties' interest in maintaining the confidentiality of the documents in light of the policy of the State of Oklahoma as expressed in 63 Okla. Stat. §1-1709.1.

IT IS THEREFORE ORDERED that by April 12, 2013, the non-parties shall file a supplemental brief generally describing the documents still at issue and specifically drawing the court's attention to any documents that are particularly sensitive. By April 19, 2013, Plaintiff shall file a supplemental brief detailing the relevance of the documents still at issue.

SO ORDERED this 3rd day of April, 2013.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that no one has questioned whether, or to what degree, the court should be involved in making relevancy determinations in a matter committed to arbitration.